DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss Plaintiffs appeal for the 2008-09 tax year for lack of jurisdiction over the subject matter. The parties briefed the matter and the court heard oral argument March 30, 2010.
 I. STATEMENT OF FACTS
Plaintiff owns or operates certain properties which might have qualified for low income housing exemption under ORS 307.541 for the 2008-09 tax year.[1] Plaintiff, however, did not make the necessary exemption application required by ORS 307.545(1) for some of the properties and the City of Portland failed to certify other properties as exempt. Twenty-three properties are involved. As a result, Defendant assessed and taxed the 23 properties, which are now the subject of this appeal.[2]
Plaintiff received property tax statements for the properties in question on or about October 20, 2008. Those statements apprised Plaintiff of the fact that those properties were being taxed. After much interaction between Plaintiff, Defendant, and certain City of Portland *Page 2 
employees, Plaintiff appealed to this court on December 15, 2009, more than a year after the receipt of the tax statements.[3] Prior to the filing of the appeal, the following events transpired.
On December 23, 2008, Plaintiff's agent, Deborah Turner (Turner), sent an e-mail to Barbara Sack (Sack), an employee for the City of Portland, with an attached "list of additional properties that are exempt from property taxes." (Ptf's Ex 1.)[4] That e-mail states in part: "[w]hen we received the property tax bills we reviewed each bill and discovered that quite a few properties on the report submitted earlier this year are exempt from property taxes." (Id.)
On January 14, 2009, Sack sent an e-mail to Defendant's Tax Exemption Specialist, Deborah Atwood (Atwood), regarding additional properties owned by Plaintiff that the City of Portland desired be approved for tax exemption for the 2008-09 tax year. (Ptf's Ex 2.) Sack's e-mail indicates that "[s]ome properties were inadvertently left off our list that we sent you in July. [Plaintiff] did include these properties in their application to us last spring. The other properties are those that [Plaintiff] inadvertently left off their list due to a database malfunction." (Id.)
On April 7, 2009, Sack advised Turner, by e-mail, that Turner should contact Debbie Atwood at "the County" regarding the exemption. (Ptf's Ex 3.)
The following day, April 8, 2009, Defendant's Exemption Specialist Atwood notified Plaintiff's agent Turner by e-mail that the list of properties it received from the city for certification for exemption did not include the disputed accounts — namely, "the accounts that you sent to Barbara Sack on December 23, 2008." (Ptf's Ex 4.) Atwood goes on to state that the *Page 3 
assessor's office was not notified by the city about the problem until January 14, 2009, and that the assessor's authority to make corrections ended December 31, 2008. (Id.)
Later in the month, by e-mail dated April 28, 2009, the city's employee Sack informed Plaintiff's agent Turner that she was planning to send a request to the assessor asking that the properties be exempted. (Ptf's Ex 5 at 1.) That e-mail includes a request for confirmation from Turner that the properties actually qualified for the low income housing exemption. The particular sentence reads: "[c]ould you confirm that the properties that you did not originally claim as exempt are eligible and rented to households that are at or below the 60% MFI." (Id.)
Finally, a July 20, 2009, e-mail was sent by a city employee to two of Plaintiff's representatives with an attached letter from the county assessor explaining that the assessor had been advised by the county attorney's office that he did not have the statutory authority to make the requested changes to the roll for the 2008-09 tax year. (Ptf's Ex 6 at 7.)
Plaintiff ultimately mailed an appeal to the Magistrate Division of the Oregon Tax Court on December 15, 2009, challenging the taxation of the disputed properties. That appeal was received and filed by the court on December 17, 2009.
 II. PARTIES' POSITIONS
Plaintiff notes that a taxpayer with no statutory right of appeal may pursue a change or correction to the roll under ORS 305.288(3) based on good and sufficient cause. (Ptf's Supp Resp to Def's Mot to Dismiss at 3.) Plaintiff cites Zervis v.Department of Revenue, ___ OTR ___, (Jan 13, 2010), Slip Op at 5, where the court stated in a footnote that "[i]t appears that the good and sufficient cause exception may go beyond an appeal of valuation." Id. at n 7. The court further stated in that note that "ORS 305.288(3) relief is not limited to a specific category of appeal." Id. Plaintiff next notes the definition of good and sufficient cause *Page 4 
in ORS 305.288(5)(b) and argues that the "totality of circumstances" as set forth in its exhibits 1 through 6 "demonstrates that plaintiff had good and sufficient cause to seek a right of appeal." (Ptf's Supp Resp to Def's Mot to Dismiss at 3.)
Plaintiff asserts that the "governing body" with jurisdiction over the property is the City of Portland, and not Defendant. (Id.) Plaintiff asserts that "defendant has no standing or statutory authority to deny the recognition of the property tax exemptions authorized by the City of Portland." (Id.)
In its Supplemental Response to Defendant's Motion to Dismiss, Plaintiff chronicles the six exhibits involving e-mail exchanges between Plaintiff, the city, and the county, as well as two affidavits (from Sack and Turner), and asserts that "[t]he totality of circumstances * * * demonstrates that plaintiff had good and sufficient cause to seek a right of appeal." (Id.) Plaintiff contends that beginning "before December 31, 2008, and continuing through July 20, 2009, the City of Portland requested defendant to recognize plaintiff's property tax exemptions to no avail." (Id. at 4.) After noting that it would have had to have filed a timely appeal "before January 21, 2009, or in any event, before October 20, 2009," Plaintiff asserts that it was not aware of Defendant's denial of its claim for exemption "until on or about July 20, 2009." (Id.)
Defendant asserts that the act of the assessor that is the subject of this appeal is the placement of the properties on the tax rolls and the mailing of the tax statements, and that Plaintiff received the tax statements October 20, 2008. (Def's Reply at 2.) Plaintiff did not timely appeal under ORS 305.280 because Plaintiff missed both the 90 day deadline and the outside deadline of one year from the date the tax year 2008-09 tax statements for the subject properties were mailed by Defendant and received by Plaintiff in October or early November 2008. (Id.) Defendant further argues that "[p]laintiff offers no basis for failure to file its *Page 5 
appeal on or before October 19, 2009[,]" which is the one year outside limit for appealing under ORS 305.280(1). (Id.)
In support of that assertion, Defendant argues, among other things, that Plaintiff's receipt of the assessor's letter to the City of Portland, forwarded to two of Plaintiff's representatives by the city on July 20, 2009 "unequivocally affirmed [the assessor's] decision to place the properties on the tax roll [and] [n]otwithstanding receipt of this information, no appeal was filed until December 17, 2009, more than one year after the act of the assessor occurred." (Id. (emphasis omitted.))
 III. ISSUE
Should the court grant Defendant's Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction, because of Plaintiff's untimely appeal, or does the court have the authority to hear the matter under ORS 305.288(3) based on `good and sufficient cause'"
 IV. ANALYSIS
A. The Exemption Laws: ORS 307.540 through 307.548
ORS 307.541(1) provides a property tax exemption for property owned by an Internal Revenue Code section 501(c)(3) or (4) exempt corporation that is either occupied by low income persons or held for future development as low income housing. ORS 307.540(2) defines "low income" as "income at or below 60 percent of the area median income based" on applicable governmental information as described in the statute.
ORS 307.545 requires qualifying corporations to "file an application for exemption with the governing body for each assessment year * * * on or before April 1 of the assessment year for which the exemption is sought * * *." There are no statutory provisions for late filing of an application. *Page 6 
ORS 307.540 defines "governing body" as the city or county legislative body having jurisdiction over the property * * *." The parties agree that the governing body is the City of Portland.
ORS 307.547(1) requires the governing body (City of Portland) to make a determination of qualification "[w]ithin 30 days of the filing of an application under ORS 307.545." If the governing body makes a favorable determination, it "shall certify to theassessor of the county where the real property is located that all or a portion of the property shall be exempt from taxation." ORS 307.547(1) (emphasis added). The assessor then has the ministerial task of exempting the property pursuant to the certification of the governing body. ORS 307.547(2) (providing that "[u]pon receipt of certification under subsection (1) of this section, the county assessor shall exempt the property from taxation to the extent certified by the governing body.")
In this case, Plaintiff was required to apply for exemption on or before April 1, 2008. It appears Plaintiff made application for some properties, but as for those under appeal, 16 properties were left off its application. (Ptf's Ex 6 at 3.)[5] Additionally, the city apparently "inadvertently omitted 11 eligible properties that [Plaintiff] had included on its April list from the July 24 list the city submitted to the County." (Id.)[6]
In any event, the "governing body" responsible for determining eligibility (i.e., the City of Portland Bureau of Housing and Community Development) did not timely certify to Defendant that the properties under appeal qualified for exemption, and, in fact, did not notify *Page 7 
Defendant that it desired to have the 23 properties exempted until January 14, 2009, when Sack sent an e-mail to Atwood at the assessor's office.[7] (Ptf's Ex 2.) That was the first time that Defendant had notice that there was a claim for exemption for any of the properties under appeal. Defendant had no statutory authority for granting exemption at that point.
B. Appeal Laws
1. Regular Jurisdiction: ORS 305.275 and 305.280(1)
Generally, unless there is a specific controlling statute, appeals from an act of the assessor to the Magistrate Division of the Oregon Tax Court are made in accordance with the provisions of ORS 305.280.See generally ORS 305.275(1) (providing for appeals to the Tax Court to be filed first with the Magistrate Division), and ORS 305.280 (providing for the various appeal timelines).
ORS 305.280(1) governs the timing of this appeal. That statute provides in relevant part:
 "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred."
(Emphasis added.)
The 90-day statutory deadline from the date of the mailing of the tax statements was January 20, 2009.[8] The one year outside deadline for an appeal, in cases where there is no knowledge of the act, was October 19, 2009 (one year after the tax statements were received). Plaintiff clearly missed the one-year outside deadline. However, the applicable deadline would *Page 8 
appear to be on or about January 20, 2009, because Plaintiff acknowledges receipt of the tax statements on or about October 20, 2008. In fact, it was the receipt of those statements that prompted Plaintiff to begin its lengthy inquiry as to the taxation of the subject properties.
2. Alternative Jurisdiction: ORS 305.288(3)
The Tax Court has limited authority to change or correct "a separate assessment of property" in cases where a taxpayer misses the applicable appeal period. See generally ORS 305.288. The court accepts the premise that the good and sufficient cause standard applies to matters other than property valuation appeals (the limit of subsection (1) of ORS 305.288). As relevant to this case, subsection (3) of ORS 305.288 provides:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal.
(Emphasis added.)
Notice that the focus of the statute is on the appealing party's failure to timely appeal. That statute defines "good and sufficient cause" as follows:
 "(b) "Good and sufficient cause:
 "(A) Means an extraordinary circumstance
that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288 (emphasis added). *Page 9 
To prevail in establishing jurisdiction under ORS 305.288(3), the taxpayer must show that the failure to pursue the statutory right of appeal was due to facts that are both "extraordinary" and "beyond the control of the taxpayer, or taxpayer's agent or representative."
Plaintiff's Complaint did not contain any facts pertaining to their failure to timely appeal. The court gave Plaintiff additional time to offer proof of any extraordinary circumstances that prevented the timely filing of the appeal. In response, Plaintiff submitted six exhibits discussed in the Statement of Facts set forth above.
The court has reviewed the evidence and considered the arguments, and finds that Plaintiff lacks good and sufficient cause for not filing an appeal in a timely fashion. Plaintiff received the tax statements for the properties in October 2008 and filed its appeal of this court more than a year later, on December 15, 2009. The good and sufficient cause inquiry properly focuses on the period of time between the receipt of the tax statements or about October 20, 2008 and the statutory 90-day appeal period, which was January 20, 2009. The only action taken by Plaintiff during that interval was the December 23, 2008, e-mail from Plaintiff's agent Turner to Sack at the City of Portland regarding the exemption. (Ptf's Ex 1.) In that e-mail, Turner acknowledges receipt of the tax statements and indicates that "quite a few properties on the report submitted earlier this year are exempt from property taxes." (Id.) The apparently definitive statement by Turner is conclusory and seems to mean "qualify" for exemption. Plaintiff took no further action that the court has been made aware of before the 90-day deadline expired. That alone is sufficient reason to grant Defendant's Motion to Dismiss this appeal.
Assuming, arguendo, that the one year time frame is the applicable deadline, Plaintiff nonetheless loses. Two critical circumstances defeat Plaintiff's jurisdictional claim under the more generous one-year outside deadline in ORS 305.288(3). On April 7, 2009, city employee *Page 10 
Sack e-mailed Plaintiffs agent Turner advising Turner to contact Defendant's Exemption Specialist Atwood regarding the exemption. (Ptf's Ex 3.) The next day, April 8, 2009, Atwood notified Turner via e-mail that the list of properties it received from the city for exemption certification did not include the disputed accounts. (Ptf's Ex 4.) Atwood's e-mail advises Turner that she was not notified of the problem until January 14, 2009, and that the assessor's authority to make corrections ended December 31, 2008. (Id.) The April 8, 2009, e-mail to Turner from Atwood should have sounded the alarm and resulted in an appeal within the next few days. Unfortunately Plaintiff did not file an appeal with this court until some eight months later.
Then, on July 20, 2009, another city employee sent an e-mail to Turner and a coworker advising them of "recent correspondence between the city and the Multnomah County Tax Assessor's office." (Ptf's Ex 6.) That e-mail advised Plaintiff that the city had requested that the county assessor remove the properties from the tax rolls because they were eligible for exemption as non-profit housing properties, and that the assessor responded that he could not grant the request because he (the assessor) did not receive timely notice of the properties' eligibility. (Id) Plaintiff received that e-mail correspondence before the expiration of the more generous one year appeal deadline, assuming that is the applicable yardstick for measuring the timeliness of Plaintiff's appeal, which the court believes is not the case. Rather, because Plaintiff acknowledges timely receipt of tax statement in October 2008, the deadline was 90 days from the date Plaintiff received those tax statements.
In any event, the reason for Plaintiffs untimely appeal has much more to do with inadvertence, oversight, or lack of knowledge than it does extraordinary circumstances beyond Plaintiffs control. There is no explanation for the considerable passage of time beginning with *Page 11 
the two early April 2009 e-mails and the July 2009 e-mail, all of which put Plaintiff on notice there was a serious problem with the taxable status of the properties, and Plaintiffs untimely appeal in December 2009. As a result, the court concludes it does not have jurisdiction under ORS 305.288(3).
 V. CONCLUSION
The court concludes that Plaintiffs appeal is untimely and that Plaintiff has failed to establish good and sufficient cause for the untimely appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted and Plaintiffs appeal for the 2008-09 tax year is dismissed.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 9, 2011. The Court filed and entered this documenton February 9, 2011.
[1] Unless noted otherwise, references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Addendum A attached to Plaintiff's Complaint lists 27 properties. Four of the listed properties were classified as exempt and are not subject to this appeal. See footnote 6.
[3] The appeal was postmarked December 15, 2009, and filed by the court December 17, 2009. ORS 305.418 provides that a Complaint "shall be deemed filed * * * on the date shown on the post-office cancellation mark stamped on the envelope containing [the complaint]." Thus it is the postmark date that controls the determination of filing date.
[4] Plaintiff's exhibits are attached to the Affidavit of Deborah Turner, filed with the court on March 3, 2010.
[5] Plaintiff's Exhibit 6 is an e-mail from a City of Portland employee (Beth Kaye) to two of Plaintiff's representatives in July 2009 involving written correspondence from the City of Portland Bureau of Housing and Community Development to Multnomah County Assessor Randy Walruff dated June 17, 2009. The city's letter to Walruff is attached to the exhibit, and the court's reference is to page 2 of that letter.
[6] Although the city's letter suggests 27 properties were denied exemption, it explains that the assessor granted one of those properties exempt status and, upon further investigation, Plaintiff advised the city that residence of three of the other properties did not meet the statutory income requirements and were therefore not qualified for exemption. Thus, only 23 properties are at issue. (Ptf's Ex 6 at 4.)
[7] The city's January 2009 e-mail to the assessor followed an e-mail inquiry by Plaintiff's agent Turner two days before Christmas. According to correspondence from the city and county assessor, the city official responsible for administering the program was on vacation from December 24, 2008, through January 8, 2009. (Ptf's Ex 4.)
[8] Plaintiff received the tax statement on October 20, 2008. Ninety days from that date was Sunday, January 18, 2009. Monday, January 19 was a legal holiday. Accordingly, the deadline for appeal was extended to Tuesday, January 20, 2009. *Page 1